991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elmer Jess WAHL, Defendant-Appellant.
 No. 92-3700.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1993.
 
 Before KENNEDY and MILBURN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Elmer Jess Wahl appeals from his conviction and sentence upon a guilty plea to Interstate Travel in Aid of Racketeering in violation of 18 U.S.C. § 1952(a)(2). On appeal defendant contends that: (1) his guilty plea was received in violation of Fed.R.Crim.P. 11 because it was not knowing and voluntary and because the District Court failed to establish a factual basis for the plea; (2) the District Court erred in failing to grant defendant's request for a downward departure based on the court's mistaken belief that it lacked the authority to do so; and (3) the District Court erred by not expressly commenting upon defendant's request for a downward departure. We reverse.
 
 I.
 
 2
 The facts surrounding defendant's guilty plea are not in dispute. On January 15, 1992, defendant, a Gulf War veteran, traveled from Kansas to Ohio to confront his in-laws whom he held responsible for the recent breakup of his marriage. Upon his arrival in Cincinnati, Ohio, defendant checked into the Cincinnati Veterans Administration Hospital where he stayed from January 15 through January 30, 1992. While at the VA Hospital, defendant came into contact with a confidential source from the Kentucky police. Defendant reportedly offered to give a car to the source in exchange for a shotgun, ammunition and transportation to Winchester, Ohio (where defendant's former in-laws resided). This source then put defendant in touch with an undercover FBI agent.
 
 
 3
 On January 31, 1992, defendant contacted and met with the FBI agent and told him he would give him a vehicle if the agent would provide a shotgun, five rounds of ammunition and transportation to Winchester, Ohio, so that defendant could kill an individual named John Atherton. At the conclusion of this meeting defendant was arrested by FBI agents. Subsequent investigation by the FBI disclosed that John Atherton was the defendant's ex-father-in-law.
 
 
 4
 On March 5, 1992, defendant was charged with one count of "travel[ing] in interstate commerce from the State of Kansas to the State of Ohio, with intent to commit a crime of violence to further an unlawful activity, and therefore did attempt to perform a crime of violence in furtherance of an unlawful activity; [a]ll in violation of 18 U.S.C. § 1952(a)(2)." Thereafter, on March 17, 1992, defendant entered into a plea agreement. In exchange for defendant's plea of guilty to this one-count information, the United States agreed not to pursue any other possible federal violations arising from defendant's conduct.
 
 
 5
 At the plea proceeding, defendant stated, in response to questions from the District Court, that he was not under the influence of alcohol or drugs and that he was competent to enter a plea. Defendant also responded that he understood that a guilty plea would act as a waiver of various specific constitutional guarantees. Defendant then told the court that he understood the meaning of count one in the information and reaffirmed his desire to enter a plea of guilty. Defendant also informed the court that no one had forced or coerced him to enter this plea. Thereafter, the Assistant United States Attorney ("AUSA") (through a FBI special agent) outlined the proof supporting defendant's guilty plea. Defendant conceded that this rendition of the facts was accurate and he admitted his guilt. After determining that defendant was competent to enter a plea, that he understood the plea agreement, and that he had voluntarily offered to plead guilty, the District Court accepted defendant's plea of guilty. On July 2, 1992, defendant was sentenced to 60 months incarceration, the maximum statutory amount for a violation of 18 U.S.C. § 1952(a)(2). This timely appeal followed.
 
 II.
 
 6
 Defendant argues that his sentence was imposed in violation of law because there was an insufficient basis in law or fact to support his guilty plea to a violation of 18 U.S.C. § 1952(a)(2). Section 1952(a)(2) specifically proscribes travel in interstate commerce with the intent to "commit any crime of violence to further any unlawful activity." The phrase "unlawful activity" is further defined in the statute to mean: (1) any business enterprise involving gambling, liquor ..., narcotics or controlled substances or prostitution offenses; (2) extortion, bribery, or arson; or (3) any act which is indictable under subchapter II of chapter 53 of title 31 [violations of monetary record and reporting requirements]. 18 U.S.C. § 1952(a)(2)(b). Defendant contends that because intent to commit murder does not constitute an "unlawful activity" as that phrase is specifically defined by the statute, he cannot, as a matter of law, be guilty under the statute.
 
 
 7
 Specifically, defendant contends that the District Court failed to determine that he understood the nature of the charge against him as required by Rule 11(c)(1) and failed to establish an adequate factual basis for the plea in accordance with Rule 11(f). Under both Rule 11 and the Supreme Court's decision in McCarthy v. United States, 394 U.S. 459 (1969), the District Court must personally address these concerns. United States v. Van Buren, 804 F.2d 888, 891 (6th Cir.1986) (per curiam).
 
 
 8
 Under Fed.R.Crim.P. 11(c), the District Court must "inform the defendant of, and determine that the defendant understands ... the nature of the charge to which the plea is offered." The procedure under Rule 11(c)(1) is designed to ensure that the defendant knowingly and voluntarily enters a plea of guilty, which plea is an admission of all the elements of the crime charged. McCarthy, 394 U.S. at 466. Unless the defendant understands the elements of the crime he is admitting, his plea cannot be offered knowingly and voluntarily and it is, therefore, a violation of due process for the district judge to accept it. Id. ("because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.").
 
 
 9
 Here, the District Court did not adequately inform defendant of the essential elements of the offense to which he pled guilty. The count to which defendant pled guilty charged that he:
 
 
 10
 did travel in interstate commerce from the State of Kansas to the State of Ohio, with intent to commit a crime of violence to further an unlawful activity, and therefore did attempt to perform a crime of violence in furtherance of an unlawful activity; [a]ll in violation of 18 U.S.C. § 1952(a)(2).
 
 
 11
 After this charge was read into the record by the AUSA, the following colloquy took place:
 
 
 12
 THE COURT: How do you plead to the information, Mr. Wahl?
 
 
 13
 DEFENDANT: I plead guilty, sir.
 
 
 14
 THE COURT: All right. I again advise you that the information charges you with interstate travel in aid of racketeering, a felony, a violation of 18 U.S.Code Section 1952 A2 and carrying with it a penalty of up to five years imprisonment.... Do you understand the nature and meaning and cause of this charge?
 
 
 15
 DEFENDANT: Yes, I do.
 
 
 16
 Joint App. at 19-20. A short time later in the proceeding, the AUSA recited the essential elements of the crime as follows:
 
 
 17
 Essential elements are interstate travel from one state to another with the intent to commit a crime of violence to further an unlawful activity. An attempt thereafter to perform the crime of violence.
 
 
 18
 Joint App. at 27. There was no further explanation as to the definition of the phrase "unlawful activity." See, e.g., United States v. Green, 882 F.2d 999 (5th Cir.1989) (After defendant pled guilty to a violation of 18 U.S.C. § 1952, the District Court defined the terms "interstate commerce" and "unlawful activity." The Fifth Circuit found that the court adequately informed the defendant of the essential elements of the offense to which he pled guilty.).
 
 
 19
 Where the crime is easily understood, a reading of the indictment or a summary of the charges in the indictment, along with the defendant's admission has been held sufficient to inform the defendant of the nature of the charge and to establish a factual basis under Rule 11. See Van Buren, 804 F.2d at 888. The defendant in Van Buren pled guilty to the charge of knowingly, intentionally, and unlawfully using a communication facility to commit or facilitate a conspiracy to possess with intent to distribute and to distribute cocaine. At the sentencing hearing, neither the prosecutor nor the court discussed the nature of the conspiracy and the court failed to establish that the defendant knew of the conspiracy and acted in its furtherance. Id. at 892. This Court ruled that:
 
 
 20
 The charge of utilizing a communication facility to further a conspiracy or in the commission of a conspiracy is a complex charge that a lay person would not easily understand.... Because the charge of the indictment is complex and the Court failed to determine that defendant understood it, the reading of the indictment and defendant's response that he had no further questions do not establish a factual basis for the plea.
 
 
 21
 Id. See also Green, 882 F.2d at 1005 ("For simple charges ... a reading of the indictment, followed by an opportunity given the defendant to ask questions about it will usually suffice. Charges of a more complex nature, incorporating esoteric terms or concepts unfamiliar to the lay mind, may require more explanation. In the case of charges of extreme complexity, an explanation of the elements of the offense like that given the jury in its instructions may be required; this, of course is the outer limit.") (quoting United States v. Dayton, 604 F.2d 931, 938 (5th Cir.1979) (en banc), cert. denied, 445 U.S. 904 (1980)); United States v. Bruce, 976 F.2d 552, 560 (9th Cir.1992) ("A trial judge fails to satisfy his obligation under Rule 11 when ... he does not fully inform the defendant of the meaning and application 'of legal argot and other legal concepts that are esoteric to an accused....' ") (citation omitted).
 
 
 22
 In the instant case, the District Court also relied on the text of the information to establish the nature of the offense. We find, however, that to fully understand the nature of the charge against him, namely traveling in interstate commerce with the intent to commit a crime of violence to further an unlawful activity, defendant must have understood what it meant to further an "unlawful activity" as that is defined in 18 U.S.C. § 1952; and, in the absence of any explanation of that phrase, defendant's guilty plea was not knowing and intelligent. See Green, 882 F.2d at 1005 ("Omitting to tell the defendant of an essential element of the offense entails a complete failure to inform the defendant of the nature of the offense to which he pleads, and requires reversal."); United States v. Goldberg, 862 F.2d 101 (6th Cir.1988) (noting that vacation of plea and remand for repleading is appropriate remedy in case where it is not clear that defendant understood charges or that there was factual basis for the plea). Moreover, this Court has recently stated that "[f]ailure to identify the elements of the offense is error and cannot be said to be harmless, even for an educated, well-represented defendant." United States v. Syal, 963 F.2d 900, 905 (6th Cir.1992).
 
 
 23
 Similarly, there was an insufficient factual basis for the crime charged. Rule 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed.R.Crim.P. 11(f). In this case, the record reflects that the district judge heard a statement from the government detailing the factual predicate for defendant's plea. Moreover, the court obtained a statement from defendant which admitted the basic truth of the government's statement of facts.
 
 
 24
 Defendant maintains, however, that this factual basis does not establish that he was involved in an "unlawful activity" as defined in 18 U.S.C. § 1952. In McCarthy, the Supreme Court noted that:
 
 
 25
 [I]n addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. The judge must determine "that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." Requiring the examination of the relation between the law and the acts the defendant admits having committed is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."
 
 
 26
 McCarthy, 394 U.S. at 467. (footnotes omitted) (emphasis added); see also Goldberg, 862 F.2d at 109 (stating that "[w]hen the crime alleged is a complex one, or an uncommon one ..., it is incumbent upon the district court to closely examine the relationship between the law and the acts of the defendant."). Here, defendant's alleged unlawful activity does not involve gambling, liquor, drugs, prostitution, extortion, bribery, or arson. Thus, the government did not establish an adequate factual basis for defendant's guilty plea to interstate travel in aid of racketeering enterprises.[1] Accordingly, this case is remanded for repleading. See Goldberg, 862 F.2d at 109 (finding that "the trial court's failure to inquire or establish a clear factual basis for the crime of misprision of a felony, and specifically, the element of concealment, reduced [defendant's] guilty plea to an unknowing plea," requiring remand for pleading anew).
 
 
 27
 Because defendant's guilty plea is vacated, we find it unnecessary to address defendant's remaining sentencing issues.
 
 III.
 
 28
 For the aforementioned reasons, the guilty plea is VACATED and the case is REMANDED to the District Court for pleading anew and further proceedings according to law.
 
 
 
 [1]
 The government tries to claim that this set of facts would fall within the Ohio State Statute of Extortion, OHIO REV.CODE § 2905.11. Section 2905.11 provides, in pertinent part, that "No person, with purpose to obtain any valuable thing or valuable benefit or to induce another to do an unlawful act, shall do any of the following: ... (3) Violate section 2903.21 or 2903.22 of the Revised Code...." Section 2903.21, entitled "Aggravated menacing," states that "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family." Nothing in the record indicates that defendant was involved in extortion. Defendant's conduct simply does not fall within the statute charged in the indictment