7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Dean DUSENBERY, Defendant-Appellant.
 No. 92-3791.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 Before: MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction on a plea of guilty to a charge of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. The question before us is whether the district court adequately informed the defendant of the nature of the charge against him. Concluding that the court did not so inform him, we shall vacate the defendant's conviction and remand the case to permit a new plea to be taken.
 
 
 2
 * The defendant, Larry Dean Dusenbery, was indicted on October 9, 1991, on a variety of charges arising out of the alleged distribution of cocaine. While incarcerated in a Michigan prison, Mr. Dusenbery was said to have organized and supervised a conspiracy to purchase and distribute the drug in northeast Ohio. The indictment charged that Mr. Dusenbery had directed his mother to provide cash to several confederates. The latter were said to have purchased and resold cocaine, remitting the profits to Mr. Dusenbery through his mother.
 
 
 3
 On May 12, 1992, the day the trial was to begin, Mr. Dusenbery entered into a plea agreement pursuant to Rule 11(e)(1)(C), Fed.R.Crim.P. The agreement provided that Mr. Dusenbery would plead guilty to one continuing criminal enterprise count; that the remaining counts would be dismissed; and that Mr. Dusenbery would be sentenced to imprisonment for 324 months, the sentence to run concurrently with the sentences he was then serving.
 
 
 4
 The district court accepted a plea entered pursuant to the agreement, but within three weeks Mr. Dusenbery wrote the court a letter requesting permission to withdraw the plea on grounds of ineffective assistance of counsel, duress, and failure to understand the elements of the charge. Mr. Dusenbery later sent the court another letter reiterating his request. The court treated the letters as pro se motions to withdraw the plea. At a sentencing hearing held on July 12, 1992, the court denied the motions to withdraw the plea and sentenced Mr. Dusenbery to a 324-month term of imprisonment, to run concurrently with the sentence he was serving.
 
 II
 
 5
 Mr. Dusenbery argues that in accepting his plea, the trial court did not fulfill the requirements of Rule 11(c), Fed.R.Crim.P. The rule provides, in pertinent part, as follows:
 
 
 6
 "Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
 
 
 7
 (1) the nature of the charge to which the plea is offered...."
 
 
 8
 The court of appeals may hear a challenge to a Rule 11 proceeding on direct appeal. United States v. Van Buren, 804 F.2d 888, 890 (6th Cir.1986). We review such proceedings for substantial compliance with the rule, vacating a plea only when substantial rights of the defendant have been affected. United States v. Woodfolk, 993 F.2d 1548 (6th Cir. May 5, 1993).
 
 
 9
 The purpose of Rule 11 is "to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary ... and to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." McCarthy v. United States, 394 U.S. 459, 465 (1969). If a defendant does not understand the charge to which he is pleading guilty, his plea cannot be regarded as voluntary and its acceptance violates his due process rights. United States v. Wahl, 991 F.2d 797 (Table), 1993 WL 118435, 1993 U.S.App. LEXIS 9679 (6th Cir. Apr. 16, 1993). Rule 11 requires the court to inform the defendant fully of the nature of the charge and determine that he understands it.
 
 
 10
 Where the criminal statute involved is a complex one, the terms of which may not be readily intelligible to a layperson, the court must take special care in explaining the charge. Rather than simply reading the indictment to the defendant or giving him a cursory summation of its contents, the court must explain each element of the crime in detail. Id. 1993 WL 118435 at * 2-3, 1993 U.S.App. LEXIS 9679 at * 8-* 9 (guilty plea to Hobbs Act charge); United States v. Williams, No. 91-1473, 978 F.2d 1260 (Table) 1992 WL 322384, 1992 U.S.App. LEXIS 29350 (6th Cir. Nov. 5, 1992) (guilty plea to mail fraud charge); United States v. Syal, 963 F.2d 900, 904-05 (6th Cir.1992) (wire fraud); United States v. Van Buren, 804 F.2d at 891-92 (use of a communications facility in furtherance of a drug conspiracy). Unless each element of a complex charge is so explained, the court cannot know if the defendant understands the charge. Absent an appropriate explanation of the charge to the defendant, an appeals court "may not assume" that the defendant actually committed the crime to which he pleaded guilty. Williams, 1992 WL 322384 at * 4, 1992 U.S.App. LEXIS 29350 at * 12.
 
 
 11
 The continuing criminal enterprise statute under which Mr. Dusenbery was charged, 21 U.S.C. § 848, clearly falls in the "complex" category. Its elements include commission of a predicate offense, the existence of a "continuing series" of violations, confederation with at least five others, the exercise of management, supervision or control over five others or the discharge of organizational functions for the enterprise, and the derivation of substantial income from the enterprise. The statute is studded with legal terms of art, and the district court was required to give the defendant an explanation of each element of the crime.
 
 
 12
 The court gave Mr. Dusenbery no such explanation. Indeed, the indictment was not even read to him, as would have been appropriate for a simple crime. See Van Buren, 804 F.2d at 892 (merely reading indictment appropriate only where charge is "a simple one").
 
 
 13
 The district court's only explanation of the CCE charge was the one given in the following colloquy:
 
 
 14
 "THE COURT: In Count 1 the charge is that, for the period of time enumerated in the indictment, you did unlawfully, willingly, knowingly and intentionally engaged [sic] in a continuing criminal enterprise in violation of the statute, and those violations are shown in separate counts of the indictment.
 
 
 15
 Do you understand the nature of the charge?
 
 
 16
 THE DEFENDANT: Yes, sir."
 
 
 17
 The court's explanation did not tell Mr. Dusenbery what a "continuing criminal enterprise" is. It did not describe what predicate offenses are sufficient to support a CCE charge. It did not allude in any way to the element of management, organization or control. And it did not allude to the derivation of substantial income. Such omissions would necessitate vacation of the plea even if Mr. Dusenbery had been highly educated, and even if he had been represented by retained counsel. See Wahl, 1993 WL 118435 at * 4, 1993 U.S.App. LEXIS 9679 at * 11; Syal, 963 F.2d at 905.
 
 
 18
 The government does not directly address Mr. Dusenbery's argument that the court violated Rule 11(c) by failing to inform him of the nature of the offense with which he was charged. The government argues instead that the court satisfied itself, as required by Rule 11(f), that there was a factual basis for the plea.
 
 
 19
 In the course of exploring the factual basis of the plea, the following exchange took place:
 
 
 20
 "COURT: Associated with you then in this [drug conspiracy], there were other people?
 
 
 21
 DEFENDANT: Yes, sir.
 
 
 22
 COURT: How many other people?
 
 
 23
 DEFENDANT: Oh, well, there was at least five, if that's what you would like to know.
 
 
 24
 COURT: That's exactly what I want to know. And this was something that you organized and supervised, if you will?
 
 
 25
 DEFENDANT: Yes, sir.
 
 
 26
 COURT: And you did that from the beginning, I take it?
 
 
 27
 DEFENDANT: Yes, sir.
 
 
 28
 COURT: Well, may I ask, you derived some income from this, I take it, at least some money held in trust for you, so to speak?
 
 
 29
 DEFENDANT: Yes."
 
 
 30
 The government seems to suggest that this exploration of the factual basis for the plea suffices to show that the defendant understood the charges brought against him and that we should therefore disregard the court's failure to explain the elements of the CCE charge to him. The suggestion is not well taken. The colloquy does indicate that Mr. Dusenbery knew that the charged crime included a requirement that five or more people be involved, but the exchange tells us nothing about his understanding of the other elements of this crime.[1] We may not simply assume that his understanding was complete. See Syal, 963 F.2d at 905.
 
 
 31
 The case at bar is governed by Syal. There, as here, the defendant was "asked directly whether [he] had committed certain acts in order to establish the factual basis for the plea, but there was no explanation of the legal significance of those acts." Id. The district court attempted to justify its non-compliance with Rule 11(c)(1) in Syal by noting that the guilty plea had come after three days of trial before a jury. The district judge stated at a hearing to withdraw the plea that the defendant "sat here for three days ... he certainly was well aware of what was going on. He knew what the charges were." The district court stated that Syal had an " 'experienced' trial lawyer and 'great representation' " Id. at 904 n. 4. The court characterized Syal as "college educated and well traveled. He's exactly the kind of person that, that I would have no need or think that I would have any need to interrogate any, to any greater lengths than I did at the time of the plea, because I think he's a very intelligent person." Id. This court was nonetheless unwilling to say that the failure to adhere to "the minimum requirements of Rule 11" was harmless under Rule 11(h). Id. at 905. For us to reach the opposite conclusion here would be to eviscerate Syal.
 
 
 32
 We VACATE the conviction and REMAND the case to the district court for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 It is worth noting that one of the grounds upon which Mr. Dusenbery moved to withdraw his guilty plea before sentencing was that he did not understand the continuing-series element of the CCE charge. This element is not addressed in the quoted passage