67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis HALL, Petitioner-Appellant,
v.
Flora J. HOLLAND, Warden, Respondent-Appellee.
 No. 95-3084.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1995.
 
 Before: KRUPANSKY, MILBURN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Curtis Hall, pro se, appeals a district court order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In January of 1991, Hall was indicted by an Ohio grand jury for engaging in a pattern of corrupt activity in violation of Ohio Rev.Code Sec. 2923.32(A)(1); conspiracy in violation of Ohio Rev.Code Sec. 2923.01(A)(1); grand theft in violation of Ohio Rev.Code Sec. 2913.02(A)(1); receiving stolen property in violation of Ohio Rev.Code Sec. 2913.51(A), with a specification of a previous conviction of violence; and two counts of the unlawful use of a motor vehicle in violation of Ohio Rev.Code Sec. 2913.03(A). Pursuant to Hall's negotiated plea of guilty to the charges of engaging in a pattern of corrupt activity and receiving stolen property, the state dropped the remaining charges. Two days before his sentencing, Hall filed a motion to withdraw his guilty plea to the charge of engaging in a pattern of corrupt activity. At the sentencing hearing, the trial court denied Hall's motion, sentenced him to 6-25 years on the corrupt activity conviction, "exactly as the plea bargain determined," and sentenced him to two years on the conviction for receiving stolen property, with the sentences to be served concurrently.
 
 
 3
 Hall then appealed the denial of his motion to vacate his plea agreement to the Ohio Court of Appeals, which court affirmed the trial court's ruling. Hall did not seek review of this decision in the Ohio Supreme Court. Thereafter, Hall filed a motion to vacate judgment pursuant to Ohio Rev.Code Sec. 2953.21, on the basis that his guilty plea was entered into as a result of his attorney's ineffective assistance of counsel. This motion was denied by the trial court and Hall's appeal of that decision was denied as untimely filed.
 
 
 4
 In May of 1994, Hall filed this petition for federal habeas relief, raising the following grounds in support: 1) he pleaded guilty "without the understanding of the charge"; and 2) he was denied effective assistance of trial counsel when counsel failed to file a motion to withdraw his guilty plea and failed to investigate certain documents that Hall believes could have been introduced at trial in his defense. The matter was referred to a magistrate judge, who determined that Hall had failed to seek appellate review of these issues at all levels of the state courts and, therefore, had waived federal habeas review of the claims that Hall could have raised in those state appeals. The magistrate judge further concluded that Hall had failed to demonstrate cause for his failure to raise those issues in state court and prejudice from that failure, to be entitled to federal habeas review. Nevertheless, the court addressed the merits of Hall's claims, and found that Hall could not prove that his guilty plea was not made knowingly, voluntarily and intelligently, so that the federal court could disturb the plea arrangement. See Brady v. United States, 397 U.S. 742, 747 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969); Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). Thus, the magistrate judge recommended that the petition should be dismissed. The district court considered this Report and Recommendation and the petitioner's objections, although the objections were untimely filed, and adopted the Report, dismissing the petition on December 15, 1994.
 
 
 5
 On appeal to this court, Hall first argues that he is "actually innocent of the sentence imposed" because he alleges that the violence specification that accompanied the receiving stolen property conviction does not exist under Ohio law, thereby stripping the trial court of jurisdiction to accept his plea and impose the sentence that it did. Hall further argues that he has shown a "miscarriage of justice" to allow this court to consider his grounds for federal habeas relief. Next, Hall argues that the district court erred in finding that the charge of "engaging in a pattern of corrupt activity" is not a complex charge so that this court's holding in United States v. Dusenbery, No. 92-3791, 1993 WL 393089 (6th Cir. Oct. 4, 1993) (per curiam) (unpublished order), should apply to his case.
 
 
 6
 The writ of habeas corpus may issue to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of the petitioner. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). However, when a prisoner fails to present all of his claims to a state court and is now barred from pursuing relief in that court, a federal court may not consider claims not presented in the state courts unless the prisoner can show cause to excuse his failure to present the claims and actual prejudice to his defense at trial or on appeal. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989).
 
 
 7
 It is undisputed that Hall failed to raise in state court certain of his claims now raised in his federal petition. Thus, Hall has waived review of those issues unless he can show cause and prejudice for his failure to raise those claims through the appellate process provided for in Ohio. See Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994); State v. Cole, 443 N.E.2d 169, 171 (Ohio 1982). The district court properly held that Hall has failed to demonstrate cause for his failure to raise those issues in state court that he now raises in support of his habeas petition and that Hall has failed to demonstrate resulting prejudice. Secondly, Hall's reliance on this court's holding in Dusenbery is misplaced, as recognized by the district court. No Ohio or federal court has ever held that Ohio Rev.Code Sec. 2923.32 is "complex," requiring a trial court to provide a defendant with additional explanation of the statute's meaning before accepting a plea of guilty for a violation of that law. The trial court satisfied the requirement set forth in Brady, 397 U.S. at 749, and Boykin, 395 U.S. at 242-44, of adequately informing the defendant of the consequences of his plea. There is nothing in the record to support the conclusion that, but for the alleged errors of Hall's counsel, the petitioner would not have pleaded guilty and would have insisted on going to trial, to entitle Hall to habeas relief. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 8
 Lastly, there is no indication that the trial court abused its discretion in denying Hall's motion to withdraw his plea. The state law grounds that Hall presented in support of this motion cannot support federal habeas relief absent a showing that the alleged error rendered the proceedings fundamentally unfair. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994). The record demonstrates that the proceedings in the Ohio courts surrounding Hall's guilty plea were not fundamentally unfair.
 
 
 9
 Accordingly, the district court's order dismissing the petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.