**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James VAN BUREN,
Defendant-Appellant.**

**No. 86–1159.**

United States Court of Appeals,
Sixth Circuit.

Decided Oct. 14, 1986.

Eugene S. Hoiby, Livonia, Mich., Robert J. Kanter, for defendant-appellant.

Robert Donaldson, Asst. U.S. Atty., Detroit, Mich., Jeffrey S. Foran, Asst. U.S. Atty., for plaintiff-appellee.

Before KEITH and KENNEDY, Circuit Judges, and BROWN, Senior Circuit Judge.

### PER CURIAM.

Defendant-appellant James Van Buren ("defendant") appeals his guilty plea to the charge of knowingly, intentionally, and unlawfully using a communication facility to commit or facilitate a conspiracy to possess with intent to distribute and to distribute cocaine. He claims that his guilty plea should be set aside on three grounds. First, defendant argues that the District Court failed to establish a factual basis for the guilty plea, thus failing to comply with Federal Rule of Criminal Procedure 11(f).

Second, he claims that he lacked full understanding of the elements of the crime with which he was charged. He thus alleges a violation of Rule 11(c)(1). Third, defendant raises a claim of ineffective assistance of counsel. We find that defendant's third claim is not properly before this Court, but we vacate the guilty plea on the grounds that the District Court failed to establish a factual basis for the plea and failed to determine whether defendant fully understood the elements of the crime.

Defendant was charged under Counts I and XI of an indictment charging a total of eleven defendants. Count I alleged a conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count XI charged defendant with unlawful use of a telephone to commit or facilitate the conspiracy in violation of 21 U.S.C. §§ 843(b), 846 and 841(a)(1). This was the count to which he plead guilty. The specific factual allegations of the indictment with reference to defendant were that he made two phone calls to Clay, the leading figure in the alleged conspiracy. During his guilty plea defendant admitted he called Clay to purchase one or two grams of cocaine. Before the plea, he signed a Rule 11 plea agreement under which the government would dismiss Count I if he plead guilty to Count XI. Defendant challenges his plea on direct appeal.

### I. DIRECT APPEAL FROM A GUILTY PLEA

Of the three claims raised on direct appeal from the guilty plea, the claims that the District Court failed to establish a factual basis for the plea and that the defendant did not understand the charge are properly before this Court. Rule 32(d) addresses the procedure for withdrawal of a guilty plea. It provides that before sentencing, upon motion for withdrawal of a plea of guilty, "the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed.R. Crim.P. 32(d). The Rule then states that "[a]t any later time, a plea may be set aside

only on direct appeal or by motion under 28 U.S.C. § 2255." [1]

Although Rule 32(d) provides that a defendant may choose to challenge his plea by means of either direct appeal or section 2255, the courts have limited the circumstances in which an appellate court may consider a direct appeal. In the pivotal case of *McCarthy v. United States,* the United States Supreme Court addressed a claim of noncompliance with Rule 11. 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The defendant in that case took a direct appeal from his guilty plea to the Court of Appeals for the Seventh Circuit, claiming that the district court had not established a factual basis for the plea. The court of appeals held that the district court judge had substantially complied with Rule 11, but the Supreme Court reversed. The Court rejected the "harmless error" approach taken by several circuits and determined that if the judge did not comply with Rule 11, the appellate court should grant the defendant the opportunity to plead anew. *McCarthy* holds that an appellate court may hear a challenge to a Rule 11 proceeding on direct appeal. [2] The Supreme Court emphasized that "Rule 11 is designed to eliminate any need to resort to a later fact-finding proceeding 'in this highly subjective area.'" *Id.* at 469, 89 S.Ct. at 1172 (quoting *Heiden v. United States,* 353 F.2d 53, 55 (9th Cir.1965)).

Since *McCarthy,* two circuits have explored the circumstances in which the defendant may proceed on direct appeal. In *United States v. Coronado,* the Court of Appeals for the Fifth Circuit held that where the defendant neither moved to withdraw nor raised his claim before the district court, the appellate court may determine compliance with Rule 11 based only on the record before it. *United States v. Coronado,* 554 F.2d 166 (5th Cir.), *cert. denied,* 434 U.S. 870, 98 S.Ct. 214, 4 L.Ed.2d 149 (1977). The court explained that its record contained only "the formal filings in this case, the rule 11 transcript, and the sentencing transcript." *Id.* at 170. Thus, the court would not hear the defendant's claims of coercion and ineffective counsel, but did consider the claim that the defendant did not understand the charges. In a later Fifth Circuit case the court held that the defendant could not on direct appeal raise the claim that his plea was induced by an unfulfilled promise of the prosecutor: "On direct appeal of a conviction based upon a plea, 'complaints based on facts outside the record are not before and will not be considered by the reviewing court.'" *United States v. Corbett,* 742 F.2d 173, 177 n. 10 (5th Cir.1984) (quoting *United States v. Hay,* 685 F.2d 919, 921 (5th Cir.1982)). The court also explained that "since the factual basis of Corbett's claim, if any, is not part of the proceedings below, we are not in a position to contradict the record and decide the existence or breach of a promise." *Id.*

In *United States v. Briscoe,* the Court of Appeals for the Eighth Circuit faced a claim that the guilty plea was involuntary. 428 F.2d 954 (8th Cir.), *cert. denied,* 400 U.S. 966, 91 S.Ct. 378, 27 L.Ed.2d 386 (1970). The court found that a claim of involuntariness must first be presented to the trial court for a factual determination, under either Rule 32(d) or section 2255. Consistent with the Supreme Court in *McCarthy* and with the Fifth Circuit, the *Briscoe* court added that an appellate court must determine compliance with Rule 11, even if a claim of noncompliance was never presented to the trial court. *Id.* at 957. *See also United States v. Ulland,* 638 F.2d 1150 (8th Cir.1981); *United States v. Mims,* 440 F.2d 643 (8th Cir.1971).

■ Defendant's first claim on appeal is that the District Court did not establish a

---

1. The defendant has also filed a motion under § 2255 to vacate or set aside the sentence. The District Court declined to rule on the motion on the ground that this appeal was pending before this Court.

2. Although the opinions of the Supreme Court and the Seventh Circuit Court of Appeals are silent as to whether *McCarthy* filed a motion to withdraw the plea, the government's brief in the Supreme Court discloses that no motion was filed.

factual basis for the guilty plea as required by Rule 11(f). To resolve this claim, this Court need only look at the Rule 11 proceeding transcript and the formal filings. Both of these documents are found in the record before the Court. Thus, we hold that the defendant's first claim is properly before this Court.

Defendant's second claim, that he did not fully understand the charges brought against him, is also based on Rule 11. Rule 11(c)(1) provides that the court must "inform [the defendant] of, and determine that he understands, ... the nature of the charge to which the plea is offered." The Fifth Circuit Court of Appeals addressed a similar issue on appeal in *Coronado. See Coronado*, 554 F.2d at 172–74. On the facts of this case a determination of defendant's understanding involves consideration of the nature of the charge and the dialogue that took place between the defendant and the Court during the Rule 11 proceeding. These factors can be determined from the record. We find that defendant's second claim is properly before this Court.

Defendant's third claim is not properly before this Court. A factual determination must be made in deciding whether the defendant's counsel was competent and proceeded reasonably with the defendant's case. Under the *Coronado* and *Briscoe* line of cases, such a claim must be presented to the district court before the appellate court can consider it.

## II. RULE 11 VIOLATION

The defendant claims that the District Court failed to establish a factual basis for the plea in accordance with Rule 11(f) and that he lacked full understanding of the elements of the crime with which he was charged. Under both Rule 11 and the Supreme Court's decision in *McCarthy*, the trial court judge must personally address these concerns. 394 U.S. at 464–67, 89 S.Ct. at 1169–71.

In the case before this Court, Count XI, to which defendant plead guilty, charged that the defendant:

did knowingly, intentionally and unlawfully utilize a communication facility, to wit: a telephone, in committing, in causing, or facilitating a conspiracy to possess with intent to distribute and to distribute a quantity of cocaine, and did knowingly, intentionally, and unlawfully utilize such communication facility in committing, causing or facilitating the agreement to possess with intent to distribute or distribute cocaine, an act or acts constituting a felony under Section 841(a)(1) and Section 846, Title 21, United States Code; all in violation of Section 843(b), Title 21, United States Code.

Record in Lieu of Joint Appendix, Indictment at 12–13. There was no explanation by the District Court during the Rule 11 proceeding of the nature of a conspiracy. The district judge did not inquire of defendant if he understood what a conspiracy was. Moreover, the District Court did not establish by means of direct questioning that the defendant had knowledge of or furthered the conspiracy. The facts elicited from the defendant indicated only that he had engaged in a transaction to buy cocaine from a person he believed would sell it.

Upon request of the Court, the prosecutor stated what he thought was the substance of the Rule 11 agreement. His statement, however, did not refer to the crime as use of a communication facility to commit or further a conspiracy. The prosecutor stated only that: "It's the substance of this agreement, your Honor, that Mr. Van Buren will plead guilty to Count Eleven of the indictment charging him with violation of 21 U.S.Code 843(b), unlawfully using a communication facility." Record in Lieu of Joint Appendix, Exhibit A at 8. The Court then asked the prosecutor to read the indictment to the defendant and asked the defendant if there was anything further he wanted to know about the charge. When the defendant answered no, the Court asked him to state, in his own words, what he had done. The defendant replied that he made a phone call and asked Clay to sell a gram or two of cocaine.

There was no discussion concerning the conspiracy or any of the alleged transactions involving the other defendants.

The Court and the prosecutor conducted the Rule 11 proceeding as if the indictment charged the defendant with unlawful use of a telephone to purchase cocaine, a crime, but not the one charged in the indictment. Although the Court did establish that the defendant used the telephone to purchase a gram or two of cocaine, evidence of the purchase of cocaine for personal use does not establish use of the telephone to further the conspiracy. *See United States v. Martin*, 599 F.2d 880, 887–88 (9th Cir.1979) (holding that a person who merely attempts to purchase a drug for personal use from a member of a conspiracy to distribute that drug cannot be convicted, on that basis alone, of facilitating the conspiracy). One must know of the conspiracy to commit the crime of conspiracy or to facilitate the conspiracy. The District Court did not establish by means of an inquiry directed to defendant a factual basis for the crime with which defendant was charged.

Where the crime is easily understood, several courts have held that a reading of the indictment, or even a summary of the charges in the indictment and an admission by the defendant, is sufficient to establish a factual basis under Rule 11. *See Godwin v. United States*, 687 F.2d 585 (2d Cir. 1982); *United States v. Dayton*, 604 F.2d 931 (5th Cir.1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980); *Bachner v. United States*, 517 F.2d 589 (7th Cir.1975). In *Dayton,* the court held that where the charge is a simple one, and the defendant is competent to understand such a charge, the district court need only read the indictment and give the defendant an opportunity to ask questions. Where the charge is more complex, and uses concepts or terms that may be foreign to a lay person, the court indicated that Rule 11 may require more than that the indictment be read. The Court of Appeals for the Second Circuit came to the same conclusion in *Godwin.* The court stated that: "We have accepted a reading of the indictment to the defendant coupled with his admission

of the acts described in it as a sufficient factual basis for a guilty plea, as long as the charge is uncomplicated, the indictment detailed and specific, and the admission unequivocal." 687 F.2d at 590. It added that: "However, if the defendant denies an element of the offense or generally maintains his innocence, the record must be augmented to establish a basis for the plea." *Id.*

■ We find that a reading of the indictment and defendant's admission of guilt are not sufficient compliance with Rule 11(f) in this case. The charge of utilizing a communication facility to further a conspiracy or in the commission of a conspiracy is a complex charge that a lay person would not easily understand. To fully understand the charge against him, defendant must have understood what it meant to be a member of a conspiracy and to act in furtherance of that conspiracy. The District Court did not "address the defendant personally in open court and inform him of, and determine that he understands, ... the nature of the charge," in accordance with Rule 11(c)(1). Because the charge in the indictment is complex and the Court failed to determine that defendant understood it, the reading of the indictment and defendant's response that he had no further questions do not establish a factual basis for the plea.

This Court cannot find harmless error under Rule 11(h) in the District Court's variance from the Rule 11 procedures for the same reason that the mere reading of the indictment was insufficient. We don't know the connection between defendant and the conspiracy and we don't know whether defendant understood the government had to prove a connection. We vacate the guilty plea on the grounds that the Court failed to establish a factual basis for the plea and failed to determine that defendant understood the charges against him.