848 F.2d 190
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny Eugene EVANS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 87-5905.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1988.
 
 Before BOYCE F. MARTIN, Jr., WELLFORD and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Johnny Eugene Evans appeals the district court's decision to deny his motion to vacate, set aside, or correct his sentence, a motion filed pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 The indictment in this case charged Evans with two offenses: 1) willful conspiracy "to distribute and to possess with the intent to distribute, and attempt to possess with the intent to distribute approximately ten (10) pounds of cocaine hydrochloride" in violation of 21 U.S.C. Secs. 841(a)(1) and 846; and 2) traveling in interstate commerce to facilitate that conspiracy in violation of 18 U.S.C. Secs. 2 and 1952(a)(3). On December 2, 1985, Evans appeared in district court to plead guilty to the first count.
 
 
 3
 Prior to the entry of the guilty plea, count one was read in its entirety. Evans' attorney then informed the court that, although Evans was willing to admit his guilt to the charge of conspiring to possess and distribute cocaine, Evans was not aware of the exact amount of the cocaine. Evans acknowledged that he understood that any amount of cocaine would constitute a violation of the law, but he denied the alleged amount of ten pounds of cocaine because, in the words of his attorney, Evans "just did not know how much [cocaine] was there."
 
 
 4
 In response to questions from the court, Evans then stated that he was not under the influence of alcohol or drugs and that he was competent to enter a plea. Evans also responded that he was satisfied with the representation of his attorney and that he understood that a guilty plea would act as a waiver of various specific constitutional guarantees. Evans then told the district court that he understood the meaning of count one of the indictment, that he was aware of the maximum penalties which could be imposed for such an offense, and that he knew that the court could reject the plea agreement which stipulated that his sentence would not exceed five years imprisonment. Finally, Evans reaffirmed his desire to enter a plea of guilty, and he informed the court that no one had forced or coerced him to enter this plea.
 
 
 5
 Thereafter, the Assistant United States Attorney outlined the proof supporting Evans' guilty plea. Among other things, the facts demonstrated that Evans contacted two men, James and Stephen Elliott, in order to obtain a dog that was trained in detecting cocaine hydrochloride. The three men eventually agreed that Evans and Stephen Elliott would travel to Houston with one of the drug detection dogs in order to locate a warehouse which Evans had learned contained "a quantity" of cocaine. They planned to then steal the drugs. According to the federal prosecutor, the two men flew to Houston, and they attempted to locate the warehouse, but Evans and Elliott were apprehended before they found the drugs. When federal agents subsequently searched the warehouse, they found no cocaine.
 
 
 6
 Evans conceded that this rendition of the facts was accurate, and he admitted his guilt. The district court then found that Evans was fully competent to enter a plea, that Evans understood the plea agreement, and that Evans had voluntarily offered to plead guilty. Before accepting the plea and sentencing him, however, the court ordered the preparation of a presentence report.
 
 
 7
 After the preparation of this report, Evans reappeared before the district court. After it accepted Evans' guilty plea, the court asked whether any corrections or additions needed to be made to the presentence report. Evans' attorney offered only two comments. First, he clarified Evans' prior criminal record. Second, in response to a statement in the prosecutor's version of the report that the amount of cocaine was approximately ten pounds, Evans' attorney again took issue with the amount of cocaine. He contended that the men had merely "speculated amoung themselves as to whether or not there were drugs or money located in the box." Evans' attorney offered no other comments or objections, and the court sentenced Evans to three years in prison and dismissed the second count.
 
 
 8
 On April 6, 1987, Evans filed the motion at issue in this appeal. Evans moved to vacate his sentence, citing three alleged violations: 1) the district court had violated Fed.R.Crim.P. 11(c)(1) in that the guilty plea had not been entered voluntarily and with a full understanding of the essential elements of the crime; 2) a factual basis for his guilty plea had not been established as required by Fed.R.Crim.P. 11(f); and 3) the district court, by failing to make specific findings with respect to each alleged factual inaccuracy in the presentence report, had violated Fed.R.Crim.P. 32(c)(3)(D).
 
 
 9
 Approximately two months later, after having reviewed this motion and the federal prosecutor's response, the district court disposed of Evans' motion. The court concluded that Evans' Rule 11(c)(1) claim was without merit because the record showed that his plea was given voluntarily and with a clear understanding that he was pleading guilty to a conspiracy to possess and distribute cocaine. Similarly, the court rejected the Rule 11(f) claim because the record indicated that the government had established a sufficient factual basis to support his guilty plea. With respect to Evans' Rule 32(c)(3)(D) claim, however, the court acknowledged that the presentence report contained an internal inconsistency on the cocaine issue, an inconsistency that had not been resolved. Therefore, although the court declined to vacate Evans' sentence, the court ordered a new hearing to determine the amount of cocaine involved in count one and to resentence Evans following the guidelines set forth in United States v. Manni, 810 F.2d 80 (6th Cir.1987).
 
 
 10
 On July 13, 1987, the district court conducted the necessary resentencing hearing. At this hearing, a federal agent testified that Stephen Elliott had stated that Evans approached the Elliotts with reliable information about the location of "about ten pounds of cocaine." According to the agent's testimony, the co-conspirators' discussion frequently used this approximate figure. Evans' attorney objected to the admission of this hearsay testimony, but the district court overruled the objection, reasoning that the federal rules of evidence do not apply to sentencing hearings. During direct examination, Evans denied that the conspiracy involved any specific amount of drugs: he claimed that the conspiracy involved only money. Under cross-examination, however, Evans retreated. After being reminded that he was testifying under oath, Evans said that he merely could not recall "ever talking about any specific amount with the Elliotts," and he conceded that he may have mentioned the approximate amount of ten pounds of cocaine in a conversation with the other men.
 
 
 11
 After hearing this testimony, the district court found that the conspiracy did involve approximately ten pounds of cocaine. The court further found that nothing indicated that the three-year sentence was improper, illegal, or otherwise inappropriate. Accordingly, the court reinstituted the original sentence.
 
 
 12
 On appeal, Evans pursues the same three claims, arguing that his sentence should be vacated because the district court failed to insure that he understood the nature of the offense, because the court failed to establish a factual basis for his guilty plea, and because the court failed to document its findings on the issue of the amount of cocaine which was the object of the conspiracy. We are not persuaded.
 
 
 13
 Relying on United States v. Van Buren, 804 F.2d 888 (6th Cir.1986), Evans contends that the district court, in accepting his guilty plea, violated Rule 11(c)(1). This argument is without merit. The record clearly shows that the district court thoroughly and faithfully complied with all of the requirements of Rule 11(c)(1). The court asked all the necessary questions, and Evans has offered no proof that his answers were misinterpreted or that he gave misinformed responses. Moreover, Van Buren does not bolster Evans' weak claim. In that case, the court vacated the defendant's guilty plea "[b]ecause the charge in the indictment [was] complex and the Court failed to determine that [the] defendant understood it." Id. at 892. Here, in contrast, the charge was relatively straightforward, and the district court specifically asked Evans whether he understood that he had violated the law if the conspiracy involved any amount of cocaine.
 
 
 14
 Evans' Rule 11(f) claim is similarly unfounded. Rule 11(f) provides, in pertinent part, that "the court should not enter a judgment upon such [guilty] plea without making such inquiry as to satisfy it that there is a factual basis for the plea." The record is abundantly clear that the prosecutor established an adequate factual basis to support Evans' guilty plea. Moreover, Evans did not contest any of the relevant facts, except for the amount of cocaine alleged in the indictment to be the object of the charged conspiracy.
 
 
 15
 Finally, Evans argues that the district court failed to comply with Rule 32(c)(3)(D), but we are not convinced. As this court held in United States v. Manni, 810 F.2d 80 (6th Cir.1987), Rule 32(c)(3)(D) requires that, when a defendant objects to allegations or statements contained within a presentence report, the court must either make findings regarding the controverted issues or specifically determine that the disputed information will not be used in sentencing.
 
 
 16
 Although the district court may have overlooked this requirement when it originally sentenced Evans, we believe the court corrected any errors when it resentenced him. During the resentencing hearing, the district court resolved the only relevant factual dispute by specifically finding that the conspiracy involved approximately ten pounds of cocaine. We believe there is ample evidence to support this finding. The agent's testimony strongly suggests that Evans hoped to locate and steal about ten pounds of cocaine. Moreover, the only crucial determination is whether the object of the conspiracy was illegal drugs, and, as the district court aptly recognized, it would be quite strange for Evans to fly to Texas with a drug-sniffing dog to attempt to find hidden money.
 
 
 17
 Accordingly, the district court's decision is hereby affirmed.