16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dell Barbara ERVIN, Defendant-Appellant.
 No. 93-1974.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1994.
 
 Before: MARTIN and BATCHELDER, Circuit Judges; and HULL, District Judge.*
 PER CURIAM.
 
 
 1
 Dell Barbara Ervin appeals her conviction and sentence, challenging both the validity of her guilty plea and the sentence imposed by the district court. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 During an eleven-month period beginning in June 1989, Ervin participated in three separate schemes to defraud three insurance companies. In each, Ervin and others fraudulently claimed that they suffered disabling injuries and lost wages as the result of automobile accidents or in-store falls. In support of her insurance claims, Ervin submitted false claim forms and bogus wage verification forms from a sham employer, C.F.C. Janitorial. Ervin received a total of $16,846.00 in wage-loss benefits from the insurance companies.
 
 
 3
 On January 19, 1993, a federal grand jury returned a seventeen-count indictment against Ervin and her cohorts. Ervin was charged with mail fraud, in violation of 18 U.S.C. Sec. 1341, and deceitful use of a social security number, in violation of 42 U.S.C. Sec. 408(g)(2). Pursuant to Federal Rule of Criminal Procedure 11, Ervin agreed to enter a plea of guilty to Count Two of the indictment, which charged her with mailing a false wage verification form to the Auto Club Insurance Association of Michigan. Under the plea agreement, Ervin and the government stipulated to all of the relevant sentencing factors, including the fact that no adjustment was appropriate for Ervin's role in the offense. The parties further agreed that the proper sentencing range was eight to fourteen months, and that Ervin's sentence would not exceed fourteen months. The worksheets used to arrive at these ranges were attached to and incorporated in the plea agreement.
 
 
 4
 On March 31, 1993, the district court accepted Ervin's guilty plea and the plea agreement. Prior to doing so, the district court conducted an extensive colloquy with Ervin, advising Ervin of her rights and inquiring into the voluntariness of the plea. After the court confirmed that Ervin had reviewed and signed the plea agreement, the following exchange between Ervin and the court took place:
 
 
 5
 THE COURT: Does this [plea agreement] include every promise, threat, prediction, threat, prophecy, anything whatsoever given to you by the government for your plea of guilty here?
 
 
 6
 DEFENDANT: Yes.
 
 
 7
 THE COURT: Do you understand that if you're relying on anything that's not written here, you'll never get it enforced in this Court because the Court relies on this; do you understand that?
 
 
 8
 DEFENDANT: Yes.
 
 
 9
 Joint Appendix at 64-65. The Assistant United States Attorney then proceeded to summarize the plea agreement, stating at several points that the "maximum sentence of incarceration is 14 months." J.A. at 65-66 (emphasis added). After confirming that Ervin shared the government's understanding regarding the plea agreement's terms and finding that Ervin's plea was made voluntarily, knowingly, and intelligently, the district court accepted the plea and the agreement.
 
 
 10
 At sentencing, Ervin's attorney asked the district court to impose upon Ervin a "split sentence with community placement." J.A. at 71-72. After listening to arguments from both parties, the court sentenced Ervin to a fourteen-month term of incarceration and recommended that a community treatment center be designated as Ervin's place of confinement. This timely appeal followed.
 
 
 11
 Initially, Ervin contends that the district court failed to comply with the mandates of Federal Rule of Criminal Procedure 11 in accepting her guilty plea. According to Ervin, her attorney lead her to believe that she would not have to serve any time in prison, but would instead receive a straight term of community confinement. Because the district court did not uncover and correct this mistaken assumption, Ervin maintains that the court failed to advise her of the consequences of her guilty plea within the meaning of Rule 11. We do not agree.
 
 
 12
 Rule 11 requires a district court, before accepting a guilty plea, to "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, ... the nature of charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." FED.R.CRIM.P. 11(c). The Rule assists the district court "in making the constitutionally required determination that a defendant's guilty plea is truly voluntary" and produces "a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." McCarthy v. United States, 394 U.S. 459, 465 (1969). This Court may consider a challenge to a Rule 11 proceeding on direct appeal. United States v. Van Buren, 804 F.2d 888, 890 (6th Cir.1986). In reviewing such proceedings, we vacate a plea only where there has been a variance from the required procedures that affects substantial rights of the defendant. FED.R.CRIM.P. 11(h); see also United States v. Syal, 963 F.2d 900, 904 (6th Cir.1992) (same proposition).
 
 
 13
 At the guilty plea hearing in this case, the district court scrupulously followed the procedures set forth in Rule 11. The court reviewed the charge, advised Ervin that she faced a statutory maximum five-year term of incarceration, and ensured that Ervin understood that the plea agreement provided for a term of imprisonment of up to fourteen months. Under oath, Ervin expressly disclaimed any other understandings or promises. While Ervin now claims that she was operating under a mistaken assumption regarding the manner in which she would serve her sentence, this Court has long recognized that "the mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement." United States v. Stephens, 906 F.2d 251, 253 (6th Cir.1990). Finding no lack of compliance with Rule 11 here, we decline to vacate Ervin's plea.
 
 
 14
 Ervin also challenges her sentence, contending for the first time on appeal that the district court erroneously calculated her adjusted offense level without including a two-level minor participant deduction pursuant to Section 3B1.2 of the Sentencing Guidelines. Disposition of this issue is controlled by United States v. Nagi, 947 F.2d 211 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). In Nagi, a panel of this Court concluded that "a defendant must first present the claim in the district court before we can entertain the alleged misapplication of the Guidelines on appeal." Id. at 213. Because Ervin failed to raise her minor-participant claim in the lower court, she has waived the right, absent a showing of plain error, to seek appellate review of the issue.
 
 
 15
 A careful review of the record discloses that the district court did not commit plain error here. As this Court has recognized, a defendant must prove by a preponderance of the evidence that she is entitled to a downward adjustment in her offense level. United States v. Rodriguez, 896 F.2d 1031, 1032-33 (6th Cir.1990) (noting that the "burden of proof is ordinarily placed upon the party who benefits from the establishment of a fact"). Ervin failed to carry this burden. Instead, she expressly stipulated in her plea agreement that the adjustment for mitigating roles was inapplicable. Ervin also declined to file any objections to the presentence investigation report, which determined that Ervin was not entitled to minor participant status, and failed to object to the government's characterization of her during the sentencing hearing "as the most culpable in terms of her overall involvement and the relationship that she played with respect to the other defendants." J.A. at 73. Under these circumstances, we conclude that the district court did not err in calculating Ervin's adjusted offense level.
 
 
 16
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation