**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus ALLANTAR, True name: Jesus**
**Alcantar–Lopez, Defendant–**
**Appellant.**

**No. 02–2328.**

United States Court of Appeals,
Sixth Circuit.

May 5, 2003.

Before CLAY and GIBBONS, Circuit Judges; and CLELAND, District Judge.*

## *ORDER*

This is a direct appeal from a judgment and commitment order in a criminal prosecution in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, a Mexican national known as Jesus Allantar was arrested on charges of being an alien illegally in the United States. Allantar claims that his birth

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

name is Jesus Alcantar–Lopez, but the name on the judgment and commitment order is listed as "Allantar." Allantar agreed to plead guilty to the charge brought against him. He also agreed to prosecution by information and to having a magistrate judge conduct the plea colloquy. The district court thereafter accepted the magistrate judge's recommendation to accept the plea and found Allantar guilty of being an alien illegally in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1). The court sentenced Allantar to a sixty-month term of imprisonment, and this appeal followed.

Counsel for Allantar filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Allantar was served with this motion and a copy of the brief and was invited to respond, but he did not do so.

On January 26, 1998, Allantar was convicted on his guilty plea to a felony, assault with intent to rob while armed, in Michigan state court. The court sentenced Allantar to nine months incarceration and he was thereafter deported to Mexico on July 14, 1998. Allantar subsequently re-entered the United States without permission and, on May 30, 2002, he was found guilty of related traffic offenses in Michigan state court. Michigan authorities notified the United States Immigration and Naturalization Service of Allantar's conviction the following day.

On July 25, 2002, an information filed in federal court charged Allantar with being a felon in the United States after having been deported. The parties entered into a plea agreement with copies supplied in English and Spanish. Allantar agreed to plead to the one-count information and acknowledged that he would be exposed to the statutory maximum sentence of ten years imprisonment. The government agreed not to oppose any reduction in Allantar's base offense level for his acceptance of responsibility. The parties consented to having a magistrate judge conduct the plea colloquy required by Criminal Rule 11.

The parties met for a plea colloquy before the magistrate judge and a Spanish-language interpreter. The magistrate judge strictly adhered to the dictates of Criminal Rule 11 in ascertaining 1) Allantar's competence to offer the plea, 2) his knowledge of the constitutional rights he was forfeiting by offering his plea, 3) his knowledge of the charge against him and the range of possible punishments, and 4) the voluntary nature of the plea. The court accepted Allantar's plea to the count of conviction and set the matter over pending completion of a pre-sentence report.

The parties met for sentencing following completion of the pre-sentence report. There were no objections to the report, after Allantar's counsel withdrew his previously filed objections, and the court adopted the recommended base offense level (21) and the criminal history category (IV). Counsel for Allantar then argued for a downward departure in the base offense level on the basis that it seriously overstated the severity of the underlying felony. The district court recognized that it had the power to effect the departure but, after hearing arguments, concluded that it would not do so. The district court heard from Allantar and his counsel and then meted out a sixty-month term of imprisonment, a sentence at the low end of the fifty-seven to seventy-one month guideline range.

On appeal, counsel for Allantar suggests that there may be infirmities in the plea and sentence, in furtherance of his duty

under *Anders,* while stating his conclusion that there are no reversible issues.

■ A plea is valid if it was made voluntarily and intelligently in light of all the circumstances. *Caudill v. Jago,* 747 F.2d 1046, 1050 (6th Cir.1984) This court may entertain a challenge to a Rule 11 proceeding on direct appeal. *United States v. Van Buren,* 804 F.2d 888, 890 (6th Cir.1986). The proceedings are reviewed for substantial compliance with the rule and will not be disturbed unless the substantial rights of the defendant have been adversely affected. *See* Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."); *United States v. Stead,* 746 F.2d 355, 356 (6th Cir.1984). A comparison of the plea transcript with Criminal Rule 11, as outlined above, reflects the district court's painstaking efforts to nail down the terms of the oral agreement, to ensure substantial compliance with the dictates of Rule 11, and to provide Allantar with a meaningful dialogue in this context. This arguable issue lacks merit.

■ Counsel also argues that Allantar's sentence may have been improperly calculated, without offering any support for this issue, and questions the decision not to effect the requested downward departure. The district court considered the departure request by Allantar, after expressly noting that it had the discretion to grant the motion, but declined to effect the departure. The refusal to depart downward is not reviewable on appeal unless the district court did not recognize that it had the discretion to do so. *United States v. Prince,* 214 F.3d 740, 766 (6th Cir.2000). There is no indication of record that the district court labored under this misapprehension. Neither Allantar nor his counsel made any objections to his sentence meted out. "A defendant waives the right to appeal an application of the Sentencing Guidelines when he fails to object in the trial court." *United States v. Ukomadu,* 236 F.3d 333, 340 (6th Cir.2001). There are no other errors alleged or apparent. The appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.