**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony FORTNER, Defendant–Appellant.**

**No. 03–1308.**

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2003.

John C. Bruha, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Paul L. Nelson, Pamela Chapman Enslen, Federal Public Defenders Office Western District of Michigan, Grand Rapids, MI, for Defendant–Appellant.

Before MOORE and GILMAN, Circuit Judges; and MILLS, District Judge.*

### ORDER

This is a direct appeal from a criminal conviction in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Anthony Fortner was indicted on five counts related to the possession and distribution of marijuana, cocaine, and cocaine base. Fortner thereafter agreed to plead guilty to one of the counts. The district court accepted the plea and found Fortner guilty of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). The court sentenced Fortner to a 168 month term of imprisonment and a five-year period of supervised release. This appeal followed.

Counsel for Fortner filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Fortner was served with the motion and brief and was invited to respond, but he chose not to do so.

In July of 2002, a Michigan law enforcement agent was contacted by a confidential informant ("CI") who claimed to be able to purchase a quantity of cocaine base from Fortner at Fortner's Lansing, Michigan, place of business. Police officers, working in cooperation with the CI, arranged for a series of controlled purchases of cocaine base from Fortner during that month.

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Authorities obtained a warrant to search Fortner's residence on the strength of these purchases and discovered a quantity of marijuana, cocaine and cocaine base on execution of the warrant. Fortner was thereafter indicted on five counts reflecting the individual sales of cocaine base as well as the drugs found in his residence.

Fortner subsequently entered into a plea agreement with the aid of counsel. The major terms of the agreement are as follows: Fortner agreed to plead guilty to Count 2 of the indictment, a charge that he distributed approximately twelve grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). He acknowledged that he faced a minimum of five years in prison, with a maximum of forty years, and up to a four-year period of supervised release. Fortner also committed to giving his complete cooperation in the investigation and possible prosecution of any other crimes within his knowledge. The United States agreed to move for the dismissal of the remaining four counts of the indictment and to make a recommendation for a downward departure should Fortner deliver on his promise to cooperate in the investigation into other criminal activity. The parties jointly agreed that Fortner's base offense level would be 32 and that he should be held accountable for 50 to 150 grams of cocaine base for sentencing purposes.

The parties met with the district court for the change of plea and the court engaged Fortner and his counsel in the formal plea colloquy required by Fed. R.Crim.P. 11. The court ascertained Fortner's capacity to offer the plea, his understanding of the charges, and his satisfaction with his counsel. The court enumerated the rights that Fortner would be forfeiting by offering his plea and reviewed the terms of the plea agreement. Finally, the court satisfied itself that there was a factual foundation for the plea and the court took the matter under advisement pending completion of the pre-sentence report and sentencing.

The parties met for sentencing after the completion of the pre-sentence report. Fortner and his counsel acknowledged in open court that they were aware of the contents of the report and that they had no objections to the findings and recommendations contained therein. The court concluded, consistent with the pre-sentence report, that Fortner's base offense level was 31 and his criminal history score placed Fortner in category VI. The court heard the motion of the United States for a one-level downward departure pursuant to USSG § 5K1.1 in recognition of Fortner's assistance to authorities and the request of Fortner's counsel for a two-level departure. The court granted the one-level departure requested by the United States and thus arrived at a guideline range of 168–210 months of incarceration. The court sentenced Fortner to the lowest end of this range following allocution.

On appeal, counsel for Fortner raises three arguable issues for review. First, counsel suggests that there may have been a mistake in the plea process. In addition, counsel questions the extent of the district court's downward departure. Finally, counsel raises a general question as to the legality of the sentence.

The record does not reflect any error in the plea process. This court may entertain a challenge to a Rule 11 proceeding on direct appeal. *United States v. Van Buren*, 804 F.2d 888, 890 (6th Cir.1986). The proceedings are reviewed for substantial compliance with the rule and will not be disturbed unless the substantial rights of the defendant have been adversely affected. *See* Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial

rights shall be disregarded."); *United States v. Stead,* 746 F.2d 355, 356 (6th Cir.1984). A comparison of the plea transcript in the case at bar with Criminal Rule 11, as outlined above, reflects the district court's faithful efforts to ensure substantial compliance with the dictates of Rule 11 and to provide Fortner with a meaningful dialogue in this context. All parties received the benefit of their respective bargains in this regard.

The second arguable issue presented is the extent of the § 5K1.1 downward departure. Counsel questions whether it was reversible error for the district court not to award the two levels requested by Fortner while conceding that any contention that a downward departure was insufficient in scope or degree is not reviewable. *See, e.g., United States v. Nesbitt,* 90 F.3d 164, 166 (6th Cir.1996); *United States v. Gregory,* 932 F.2d 1167, 1169 (6th Cir. 1991).

The third issue posed goes to the general legality of the sentence. Fortner's failure to offer any contemporaneous objection to the contents of the pre-sentence report or to the sentence imposed means that he has forfeited any right to challenge the sentence on any ground but plain error. *Nesbitt,* 90 F.3d at 166. Under the plain error test of Fed.R.Crim.P. 52(b), there must be 1) error, 2) that is plain, and 3) that affects the defendant's substantial rights. If all these conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Cotton,* 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Counsel has not pointed to any error, plain or otherwise, that infected the proceedings below, and we are unaware of any such error. The sentence meted out was within the contemplation of the parties in the plea agreement and it is within statutory limits. Fortner's guilty plea means that all possible non-jurisdictional, pre-plea errors have been waived. *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Ormsby,* 252 F.3d 844, 848 (6th Cir.2001). This appeal lacks merit.

Accordingly, the motion to withdraw from representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.