**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Corey S. NASH, Defendant–Appellant.**

No. 02–2527.

United States Court of Appeals,
Sixth Circuit.

Oct. 23, 2003.

Before MARTIN and SUTTON, Circuit

Judges; and MILLS, District Judge.*

## ORDER

This is a direct appeal from a criminal judgment and commitment order in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Corey Nash was named in a two-count superseding indictment in connection with illegal drug possession and sales. The district court subsequently found Nash guilty on his plea to one count of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The court sentenced Nash to a 110 month term of imprisonment, with a four year period of supervised release, and this appeal followed. Counsel for Nash filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nash was served with this motion and a copy of the brief and was invited to respond, *see Freels v. Hills*, 843 F.2d 958, 961 & n. 3 (6th Cir.1988), but he has not done so.

Nash was indicted for having possessed and subsequently distributed crack cocaine in 2001. He thereafter entered into a plea agreement with the assistance of counsel, the essential terms of which are as follows: Nash agreed to plead guilty to the second count of the superseding indictment, the crack cocaine distribution charge, and he admitted that the count was based on his distribution of five grams or more of crack cocaine. Nash agreed to forfeit any appel-

late challenge he might have to the legality or constitutionality of any part of the sentencing guidelines and, specifically, he agreed not to contest the accuracy of any sentencing factor stipulated to in the agreement. The chief stipulation was that Nash should be held accountable at sentencing for distributing an amount of crack cocaine in an amount that exceeds twenty grams but is less than thirty-five grams, with a base offense level of twenty-eight. The United States Attorney agreed to dismiss the remaining charges against Nash and to limit Nash's sentence to "no more than the mid-point of the applicable guideline range as determined by the court." The worksheet attached to the agreement show that the parties contemplated a guideline range of 100 to 125 months with a presumable "mid-point" of 112½ months. In addition, the agreement spelled out the statutory penalty range of five to forty years imprisonment and four years supervised release.

The parties met with a magistrate judge for the formal plea colloquy of Fed. R.Crim.P. 11(b), Nash having consented to this procedure. The magistrate judge explained his role to Nash and then ascertained that Nash had the requisite capacity to offer the plea. The United States Attorney then summarized the plea agreement for the record. The magistrate judge determined that Nash's plea was voluntary and that he understood the constitutional protections he would be waiving. The magistrate judge articulated the penalty range to which Nash would be exposed and the parties established a factual basis for the plea. Finally, the magistrate judge announced that he would recommend the acceptance of the plea to the

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-

nois, sitting by designation.

district court. The district court accepted the plea, in the absence of any objections to the recommendation, and set the matter over for sentencing.

The parties met for sentencing following completion of the pre-sentence report. The United States Attorney registered an objection to the recommended criminal history category of V, with a guideline range of 100–125 months, and argued that Nash merited a criminal history category VI and a range of 110–137 months. The district court agreed to adjourn the proceedings so that the parties could muster their evidence in support of their respective positions. The second sentencing hearing brought a concession from Nash that he technically deserved to be placed in criminal history category VI with the 110–137 month range. Nash argued, however, that the court should depart downward to category IV on the authority of USSG § 4A1.3 as his criminal history category over-represented his actual criminal past. The court considered and rejected the request on the merits, but imposed a sentence of imprisonment of 110 months, a figure below the plea agreement's original estimated guideline range "mid-point."

■ Counsel for Nash sets out general challenges to the plea and sentence while conceding their lack of merit. A plea is valid if it was made voluntarily and intelligently in light of all the circumstances. *Caudill v. Jago,* 747 F.2d 1046, 1050 (6th Cir.1984) This court may entertain a challenge to a Rule 11 proceeding on direct appeal. *United States v. Van Buren,* 804 F.2d 888, 890 (6th Cir.1986). The proceedings are reviewed for substantial compliance with the rule and will not be disturbed unless the substantial rights of the defendant have been adversely affected. *See* Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."); *United States v. Stead,* 746 F.2d 355, 356 (6th Cir.1984). A comparison of the plea transcript with Criminal Rule 11, as outlined above, reflects the efforts of the magistrate judge to ensure literal compliance with the dictates of Rule 11 and to provide Nash with a meaningful dialogue in this context. Nash's valid guilty plea means that he may not now raise any pre-plea issues for appellate review. *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). This arguable issue lacks merit.

■ Counsel's second arguable issue is that the district court may have erred in declining to effect the downward departure requested under USSG § 4A1.3. Section 4A1.3 is a recognition that a criminal history category assigned to a defendant may over-represent "the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." *Id.* A sentencing judge has the discretion to adjust a guideline sentence accordingly under this section. *United States v. Smith,* 278 F.3d 605, 611 (6th Cir.2002). This court generally will not review a district court's refusal to exercise its discretion to grant a downward departure on this ground. *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995). This court does, however, have jurisdiction to review a district court's belief "that it lacked any authority to depart downward as a matter of law." *United States v. Ebolum,* 72 F.3d 35, 37 (6th Cir.1995). In the case at bar, the district court plainly indicated its awareness of its authority under § 4A1.3, but declined to exercise that authority. This decision cannot be disturbed on appeal. Finally, it must be noted that the final sentence of incarceration was two and one-half months *less* than the sentence contemplated by the parties in the plea agreement.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.