NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0044n.06

Nos. 14-5242, 14-5216 & 14-5816

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 25, 2016
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| RODRIGUEZ BLACKWELL, | ) |
| ROLANDO BLACKWELL, and | ) |
| RODERICK BLACKWELL, | ) |
| | ) |
| Defendants-Appellants. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

BEFORE:     BATCHELDER, GIBBONS, and WHITE, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge.   This is a combined appeal by Rodriguez, Rolando, and Roderick Blackwell, three brothers who were convicted on charges arising from their involvement in a drug-dealing conspiracy.   Rodriguez and Rolando pleaded guilty, and Roderick was convicted by a jury.   The Government concedes that Roderick's case should be remanded to the district court for reconsideration of his sentence under Amendment 782 of the Sentencing Guidelines, and we REMAND to permit the district court to consider Roderick's request for reduction of his sentence.   Finding no merit to any of the other issues raised by the brothers, we AFFIRM the disposition of the district court in all other respects.

**I.**

The investigation of this case began in 2012 when an informant told the FBI that the Blackwell brothers were trafficking cocaine in Covington, Kentucky.   During the months that

followed, law enforcement officers conducted extensive physical and electronic surveillance on the Blackwell brothers and set up numerous controlled purchases from the brothers and their gang. Using information obtained through an informant, the officers were able to track Rolando's many cell phones and, after obtaining warrants, to intercept his cell phone calls and text messages. Gradually, the officers pieced together the identities of the gang members and the *modus operandi* of the group. By July 10, 2013, law enforcement had gathered enough information to procure arrest warrants for thirteen individuals involved in the trafficking conspiracy. Ten members of the gang were taken into custody on that day, among them the Blackwell brothers.

Each brother was indicted for conspiring,

> together and with others to knowingly and intentionally distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, and 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, both Schedule II controlled substances, violations of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

Rodriguez pleaded guilty and was sentenced to imprisonment for one hundred forty-four months. Rolando also pleaded guilty and was sentenced to imprisonment for two hundred seventy-six months. Roderick opted for a jury trial. He was convicted and sentenced to imprisonment for one hundred fourteen months. We address the claims raised by each brother in turn.

## II.

Rodriguez raises a single claim for review. He argues that his sentence is unreasonable because it is above the minimum of the Guidelines range into which he fell. As the Supreme Court has stated, "courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This abuse-of-discretion review is in two parts.

First, the reviewing court determines whether the sentence is procedurally unreasonable. *Id.* at 51. This includes the sentencing court's "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* Second, the reviewing court considers whether the sentence is substantively unreasonable. *Id.* This review "will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." *Id.* Overall, when applying an abuse-of-discretion standard, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

As part of Rodriguez's plea agreement, the Government agreed to advocate for the minimum sentence within the applicable Guidelines range in exchange for Rodriguez's dropping all of his objections to the Presentence Report. The applicable Guidelines range was one hundred thirty-five months to one hundred sixty-eight months. At sentencing, the Government lived up to its commitment, but the district court sentenced Rodriguez to one hundred forty-four months.

With reference to the procedural reasonableness of the sentence, the record is clear that the district court informed Rodriguez that it was not bound by the Government's recommendation of the minimum sentence. After being advised of Rodriguez's agreement with the Government, the judge said, "That's not binding on me. . . . Do you understand that, sir?" And Rodriguez responded, "Yes, sir." After this explanation, Rodriguez reaffirmed his decision

to waive his objections to the Presentence Report. There is no evidence that Rodriguez was misinformed, manipulated, or subjected to any other type of procedural unfairness. The judge adequately explained the situation, and Rodriguez unequivocally affirmed his understanding.

With reference to the substantive reasonableness of disregarding the recommendation, we begin with a presumption of reasonableness because the final sentence was well within the applicable Guidelines range. Rodriguez fails to rebut this presumption. In determining Rodriguez's sentence, the judge considered Rodriguez's communication with other members of the conspiracy, the nature of the sentences imposed on other members of the conspiracy, the nature of Rodriguez's prior criminal history, and the general nature of the crime itself. Although Rodriguez disagrees with the way in which the district court interpreted and weighed the evidence contained in the Presentence Report, he fails to provide any evidence that the district court considered impermissible factors, rushed to judgment, failed to explain its position adequately, or in any way abused its discretion. Thus, Rodriguez's claim fails.

**III.**

Rolando raises two claims for review. First, he asserts that the district court erred in concluding that there was sufficient evidence to support his guilty plea, essentially, maintaining that the district court failed to meet the requirements of Fed. R. Crim. P. 11(b)(3). But since Rolando failed to object on the record, he bears "the burden to satisfy the plain-error rule and . . . a reviewing court may consult the whole record when considering the effect of any error on substantial rights." *United States v. Vonn*, 535 U.S. 55, 59 (2002). "To withstand plain-error review, the litigant must show (1) error, (2) that is plain, and (3) that affects substantial rights and that (4) the error seriously affects the fairness, integrity, or public reputation of judicial

proceedings." *United States v. Brock*, 501 F.3d 762, 773 (6th Cir. 2007) (internal quotation marks omitted).

During Rolando's rearraignment hearing, the district court explained the nature of the proceeding, the nature of the defendant's rights, and the nature and ramifications of a guilty plea. The judge then specifically asked Rolando and his counsel, "Would you prefer for me to have the prosecutor summarize the proof, or do you want me to just ask him what his role was?" Defense counsel replied, "I think the latter would be best for my client, you asking him his role." Agreeing to this preference, the judge went through each count of the indictment, clarifying various parts in the process. As to each count, Rolando admitted that he had committed the acts charged. Rolando then confirmed that he understood the charges and pled guilty to every count.

Rolando now argues that such a procedure is insufficient to support his guilty plea. But his argument fails for two reasons. First, this court has held that "where the charge is a simple one, and the defendant is competent to understand such a charge, the district court need only read the indictment and give the defendant an opportunity to ask questions." *United States v. Van Buren*, 804 F.2d 888, 892 (6th Cir. 1986). This is precisely what occurred here. Rolando understood the nature of the crimes with which he was charged, the judge read and explained the indictment, and Rolando had the opportunity to ask questions. Nothing more was needed to clarify the nature of the proceeding or support the guilty plea. Second, this court has held that "'[a]n attorney cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course.'" *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) (quoting *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir. 1990)). Since Rolando and his attorney both agreed to proceed in the manner proposed by

the district court, they will not now be heard to assert on appeal that such a procedure was inherently inadequate. For these reasons, Rolando's first claim fails.

Next, Rolando claims that the district court erred in its determination of the quantity of drugs attributable to him as part of the conspiracy. "'We review a district court's drug quantity determination for clear error. The government must prove the amount to be attributed to a defendant by a preponderance of the evidence.'" *United States v. Swanberg*, 370 F.3d 622, 624–25 (6th Cir. 2004) (quoting *United States v. Hernandez*, 227 F.3d 686, 697 (6th Cir. 2000)).

At sentencing, the district court thoroughly discussed the numerous drug deals and trafficking schemes in which Rolando was involved. The quantity eventually fixed upon by the judge was consistent with the facts presented in the Presentence Report, was supported by corroborating evidence of numerous phone conversations, was affirmed by the direct testimony of the investigator, and was not contradicted by any evidence offered by Rolando. *See United States v. Hunt*, 487 F.3d 347, 353 (6th Cir. 2007) (holding that corroborating testimony and lack of contradictory testimony helped to establish sufficient indicia of reliability). Rolando has failed to present any evidence that the district court committed a clear error that substantially affected his rights. Thus, his second claim fails.

## IV.

Roderick raises four claims for review. His first claim is that the district court erred in its instructions to the jury regarding the proper burden of proof for connecting Roderick with the conspiracy. As the Government points out, the jury instructions used by the district court were actually the pattern jury instructions used in the Sixth Circuit at the time of Roderick's trial. Since Roderick failed to object to the use of these instructions at trial, our review is for plain error. Roderick challenges the suitability of the pattern instructions to the special circumstance

of this case, arguing that there were two separate drug conspiracies concerning different substances. His failure to bring this alleged deficiency to the district court's attention precludes a finding of plain error where the court could not have been expected to discern the unidentified deficiency in the instruction now challenged. We find no plain error here.

Roderick's second claim is that he is entitled to a hearing for a modification of his sentence in light of the retroactive effect of 18 U.S.C. § 3582 as expressed in Amendment 782 to the Sentencing Guidelines. The Government agrees, as do we. Amendment 782 to the Sentencing Guidelines reduces the offense levels established by the Drug Tables, and it explicitly states that it applies retroactively. *See* U.S. Sentencing Guidelines Manual § 1B1.10. Remand is therefore appropriate.

Roderick's third claim is that he is entitled to an evidentiary hearing regarding the search of his cell phone in light of *Riley v. California*, 134 S. Ct. 2473 (2014). In *Riley*, the Supreme Court held that "a warrant is generally required before [a cell phone is subject to] a search, even when a cell phone is seized incident to arrest." *Id.* at 2493. The Court did not create a standard of higher specificity for such warrants or a heightened showing of probable cause. Rather, the Court stated, "Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant." *Id.* at 2495.

We fail to find anything in *Riley* that entitles Roderick to an evidentiary hearing regarding the search of his cell phone. The record clearly indicates that the police obtained a warrant before they searched Roderick's cell phones and SIM cards. There is no indication that these warrants were deficient, overbroad, or improperly executed in any way. *Riley* does not provide a complex rubric by which cell phone warrants must be graded. It simply instructs the

police to obtain a warrant before they search a cell phone that they have seized. That is precisely what occurred in this case. Thus, Roderick's third claim fails.

Roderick's fourth and final claim is that the district court clearly erred in denying his motion for judgment of acquittal. "This Court reviews *de novo* the sufficiency of the evidence to sustain a conviction." *United States v. Gunter*, 551 F.3d 472, 482 (6th Cir. 2009) (citing *United States v. Gibson*, 896 F.2d 206, 209 (6th Cir. 1990)). The legal question underlying a motion for judgment of acquittal is "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime.'" *United States v. Damra*, 621 F.3d 474, 494 (6th Cir. 2010) (quoting *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008)).

Roderick's primary argument here is that there was no evidence put forward regarding any quantity of crack cocaine and thus, the jury could not possibly find Roderick guilty of conspiring to traffic crack cocaine. But proof of drug quantity is not an element that must be proved to sustain a conviction under 21 U.S.C. § 846. "To sustain a conviction for conspiracy under 21 U.S.C. § 846, the government must have proved: (1) an agreement to violate drug laws . . . (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy." *United States v. Sliwo*, 620 F.3d 630, 633 (6th Cir. 2010) (quoting *United States v. Deitz*, 577 F.3d 672, 677 (6th Cir. 2009)) (internal quotation marks omitted). During the trial, the government provided evidence that Roderick participated in his brother's drug trafficking schemes, that he communicated frequently and knowledgeably with his brothers about various drug deals, that he had knowledge of the various drugs and controlled substances being sold, and that he manifested a consciousness of guilt when he called his friend from jail and instructed him to wipe his cell phone clean. This evidence is sufficient to permit a rational fact finder to

conclude that Roderick agreed to violate the drug laws, had knowledge of what was happening, and willingly participated in the conspiracy. In light of the evidence presented at trial, we cannot say that the district court erred by denying Roderick's motion for judgment of acquittal. Thus, Roderick's fourth claim fails.

## V.

For the foregoing reasons, we REMAND Roderick's sentence to the district court for further proceedings consistent with this opinion. We AFFIRM the judgment of the district court in all other respects as to all three appellants.